UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WANDA GRAHAM, et al., | ] |
| Plaintiffs, | ] |
| vs. | ] CV-03-CO-03396-W |
| MEGA LIFE AND HEALTH INSURANCE, et al., | ] |
| Defendants. | ] |

**ENTERED**
JUN - 9 2004

### MEMORANDUM OF OPINION

On April 16, 2004, Defendant, National Motor Club ("NMC"), subsequently joined by the other defendants, filed a Motion to Transfer Pursuant to 28 U.S.C. § 1404 [Doc. # 23] as well as an amendment to the motion. [Doc. # 29]. Defendants seek the transfer of this case to the United States District Court for the Northern District of Texas, Dallas Division. Plaintiffs oppose the transfer. For the reasons discussed herein, the Motion to Transfer will be granted.

I.  Facts.

Plaintiffs filed this diversity action as a nationwide class action on December 24, 2003. Plaintiffs claim damages based on breach of contract, unjust enrichment, civil conspiracy, and negligence. In addition, Plaintiffs seek declaratory and equitable relief.

The named plaintiffs are residents of Alabama. Defendant, The Mega Life and Health Insurance Company ("Mega") has an administrative office in the Northern District of Texas. [Defs.' Br. Ex. B]. NMC is a Texas corporation with its principal place of business in Dallas, Texas. [Defs.' Br. Ex. A]. Defendant, Chesapeake Life Insurance Company ("Chesapeake") is an Oklahoma corporation with its principal place of business in Dallas, Texas. [Compl. ¶ 3].

Plaintiffs contend that the defendants "formulated a scheme to sell insurance products" as a part of a motor club membership. According to Plaintiffs, the members of the class were promised particular coverage through a group policy with Mega and Chesapeake.[1] Plaintiffs maintain that

---

[1] Plaintiffs seek to define the class as all members of the National Motor Club of America during the six years preceeding the filing of the complaint. [Compl. ¶ 8].

the coverage actually provided by the defendants was not as promised and further, that the defendants' policies and conduct violated the laws of the State of Texas.

From 1998 through 2003, there were four times as many NMC members in Texas than in Alabama. [Defs.' Br. Ex. A]. At present, there are 337,753 NMC members, approximately 1.5% are in Alabama and approximately 26% in Texas. [Defs.' Br. Ex. A]. While it is not clear from the pleadings how many employees NMC has at present, there are 29 NMC corporate employees in Texas and none in Alabama. [Defs.' Br. Ex. A].

II.   Standard.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, and in the interest of justice" a civil action may be transferred to any district where it could have been brought. *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1357 (M.D. Ala. 1998) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). However, it has generally been held that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981).

With regard to this issue, "Defendants . . . bear the burden of proof, and must make a convincing showing of the right to transfer." *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1363 (S.D. Fla. 2001). Various courts have attempted to list the factors that should be considered in determining when an action should be transferred. *See id.* at 1359. The court should consider among other factors, the plaintiff's choice of forum, the location of evidence that will need to be examined, the availability of compulsory process to obtain the testimony of witnesses, the convenience of the parties and witnesses, and when appropriate, the relative ability of the parties to afford the expenses made necessary by the transfer. See Id. at 1359.

III. Discussion.

The first inquiry that must be made is whether the case could have been brought in the Northern District of Texas. If the case could not have been brought in that court, then the case cannot be transferred to that court. *See* 28 U.S.C. § 1404(a). Plaintiffs argue that "[t]his case could not have been brought in the U.S. District Court in Dallas, Texas, by Texas consumers because jurisdiction arises by way of diversity of the class

representatives." [Pls.' Br. at 9]. While it may be true that Texas consumers could not have brought the action as class representatives in the Northern District of Texas due to their lack of diversity, Texas consumers were not the ones who brought the action. The class representatives are residents of Alabama and as such, the case as pled, could have been brought by them in the Northern District of Texas.

Since the case could have originally been brought in the Northern District of Texas, the court will continue with its consideration of the transfer. There are two occasions when the plaintiffs' chosen forum is only entitled to a reduced deference. The first is when the plaintiffs seek to not only represent themselves, but also a nationwide class of individuals that they contend are similarly situated. "Where there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice. . . . But where there are hundreds of potential plaintiffs . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." *Koster v. Lumbermens Mut.Cas. Co.*, 330 U.S. 518, 524 (1947).

The second situation where the choice of forum is entitled to less

deference is where "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff . . . ." *Garay v. BRK Elec.*, 755 F. Supp. 1010, 1011 (M.D.Fla. 1991). The majority of Plaintiffs' complaint is based on the development and implementation of "a scheme to sell insurance products" as a part of a motor club membership and the failure to deliver the coverage as promised. [Compl.]. Even though agents of the defendants allegedly called upon the plaintiffs in Alabama to sell them memberships, the claimed wrongful conduct that makes this action viable, if at all, as a class action, is the alleged class wide misconduct that apparently occurred in Texas, not Alabama. As explained in the complaint, "Common questions of law and fact predominate over any questions affecting only individual members of the class." [Compl. ¶ 25]. Alabama has an extremely small portion of the purported class, and a significant amount of the alleged wrongful conduct dealing with the Alabama class members occurred in Texas. This points to the inevitable conclusion that the vast majority of the operative facts underlying the cause of action occurred outside Alabama.

For these reasons, Plaintiffs' choice of the Northern District of

Alabama as the forum for this action is entitled to less deference than it would otherwise be due. That does not, however, mean that the plaintiffs' choice of forum should be disregarded. On the contrary, it is an important factor and must be "clearly outweighed by other considerations" before the case is to be transferred. *Howell* at 616.

Defendants assert that the Northern District of Alabama would be inconvenient for its witnesses and for the defendants. [Defs.' Br.]. "One factor to be considered is the convenience of the defendants." *Mason* at 1361. However, most any litigation would be more convenient for the defendant in the forum of its residence than a forum in another state where it does business. "Where a transfer 'merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain.'" *Mason* at 1361(quoting *Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1319 (M.D. Fla. 2000)). The convenience of the defendants is a factor, but it carries little weight as a transfer would inflict upon the named plaintiffs at least the same degree of inconvenience.

In addition, the court is not satisfied that Defendants will be unable to secure the testimony it needs from witnesses that the defendants either

employ or can compel by appropriate process. Neither the convenience of the defendants nor their witnesses necessitate a transfer.

There are two factors that do weigh heavily in the court's consideration of the transfer requested in this case. The first is the applicability of Texas state law to the plaintiffs' claims and the second is the large amount of class members located in Texas.

Plaintiffs couch a substantial part of their claims in terms of the violation of Texas state law. [Compl.]. For instance, Plaintiffs maintain that they "claim a common violation of Texas law (where the master policy was delivered) which obviates the need to interpret the laws of each state." [Pls.' Br. at 5]. "[I]t has long been recognized that: 'There is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.'" *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947), *superseded by* 28 U.S.C. § 1404(a)).

This factor alone would not be sufficient to justify a transfer but it is

a factor that weighs in the decision. The court in the Northern District of Alabama would certainly not be as experienced in applying Texas law; however, there is nothing to indicate that Texas law is so unique as to only be understandable by the learned Texas bench. Just as the court in the Northern District of Alabama has had more opportunities to apply the law of Alabama, the court in the Northern District of Texas has had far more occasions to interpret the law of Texas.

A factor that is extremely significant in the court's transfer decision is that 26% of the current NMC members reside in Texas as compared to only 1.5% in Alabama. Also, from 1998 through 2003, four times as many NMC members were in Texas as compared to Alabama. Whatever court decides the class certification issues and the issues in the trial on the merits will by necessity need to be available to the prospective members of the class. Plaintiffs chose to seek a nationwide class. Texas is the home to a disproportionate share of the national class members. The plaintiffs seeking to represent such a class must be prepared to transfer the case when a forum exists that would allow such a large number of the class members to participate in certification hearings, settlement hearings, and proceedings

on the merits.

IV. Conclusion.

The Motion to Transfer is due to be granted. An appropriate order will be entered herewith. In the event the class is not certified in this case or the class becomes defined as those in Alabama or some other combination including Alabama where Alabama's residents would constitute a significant proportion of the existing class members, this court would welcome the return transfer of this case.

Done, this _____ day of June , 2004.

L. Scott Coogler
United States District Judge